JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
John and Jane Doe, in their own right and as p/n/g of L. Doe, a minor and William and Mary Roe, in their own right, and as p/n/g of A. Roe, a minor.

### DEFENDANTS
Southeast Delco School District, Stephen D. Butz, Jeffrey Ryan, Michael A.P. Jordan and Paul Hocschwender

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Williams Cuker Berezofsky, 1515 Market Street, Suite 1300, Philadelphia PA, 19102, (215) 557-0099

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 2/23/2015

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Delaware County, Pennsylvania

Address of Defendant: 1560 Delmar Drive, Folcroft, PA 19032

Place of Accident, Incident or Transaction: Glenolden, Pennsylvania
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☐

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Gerald J. Williams, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: 2/23/2015      _____      36418
                        Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/23/2015      _____      36418
                        Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| John and Jane Doe, in their own right, and as p/n/g of L. Doe, a minor<br>v.<br>Southeast Delco School District, et al | : : : : : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                     ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 2/23/2015 | _[signature]_ | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-557-0099 | 215-557-0673 | gwilliams@wcblegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN and JANE DOE, in their own right, And as parents and natural guardian of L. DOE, a minor, <br><br> and <br><br> WILLIAM and MARY ROE, in their own Right, and as parents and natural guardians Of A. ROE, a minor, <br><br> PLAINTIFFS <br><br> vs. <br><br> SOUTHEAST DELCO SCHOOL DISTRICT 1560 Delmar Drive Folcroft, Pennsylvania <br><br> and <br><br> STEPHEN D. BUTZ, Superintendent c/o SOUTHEAST DELCO SCHOOL DISTRICT 1560 Delmar Drive Folcroft, Pennsylvania <br><br> and <br><br> JEFFREY RYAN, Assistant Superintendent c/o SOUTHEAST DELCO SCHOOL DISTRICT 1560 Delmar Drive Folcroft, Pennsylvania <br><br> and <br><br> MICHAEL A.P. JORDAN Palmerton, Pennsylvania <br><br> and <br><br> PAUL F. HOCSCHWENDER 2982 Pennview Avenue Broomall, Pennsylvania <br><br> DEFENDANTS. | COMPLAINT (CIVIL ACTION) <br><br> NO.: |

A. <u>NATURE OF ACTION</u>

1. This is an action for damages and other relief brought on behalf of minor children by their parents.

Because of the nature of their allegations, and their children's need for and right to privacy, plaintiffs file this complaint without the appearance of their actual identities in the caption. After service of the complaint, plaintiffs, through undersigned counsel, will move under F.R.C.P. 5.2(d) and Local Rules 5.1.3 and 5.1.5, seeking leave to file under seal an unredacted version, containing their actual identities. The identities of plaintiffs will be disclosed to defendants by separate communication.

2. This action arises from a long course of inappropriate physical contact perpetrated against the minor plaintiffs and other children by defendant Paul E. Hochschwender during the time he was an elementary school teacher at Darby Township School within the Southeast Delco School District.

3. Plaintiffs seek redress pursuant to 42 U.S.C. §1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-88 [hereinafter "Title IX"], as well as certain provisions of the common law of Pennsylvania.

B. <u>PARTIES</u>

4. Minor plaintiff L. Doe is currently eight (8) years of age. She lives in Delaware County, Pennsylvania, with her parents, plaintiffs John and Jane Doe.

5. Minor plaintiff A. Roe is also eight (8) years of age, and she lives in Delaware County with her parents, plaintiffs William and Mary Roe.

6. Defendant Southeast Delco School District [hereinafter "S.E. Delco" or "the District"] is an entity organized under the law of Pennsylvania, operating several public schools

within a designated geographical area in Delaware County, including the Darby Township School.

7. Defendant Stephen D. Butz [hereinafter, "Butz"] has been, at all times material hereto, the Superintendent of the District, responsible for the promulgation, implementation and maintenance of S.E. Delco policies regarding student, faculty and administrative procedures, including but not limited to procedures relating to the prevention and reporting of the abuse of District students.

8. Defendant Jeffrey Ryan [hereinafter "Ryan"], has been at all times material hereto, the Assistant Superintendent. As such, he is the District officer responsible for "evaluating educational programs", "selecting and placing staff" and working "directly with [school] administration[s] to achieve instructional and safety/security goals" for students.

9. Between 2010 and July 2012, at times material to this complaint, defendant Michael A.P. Jordan [hereinafter "Jordan"] was the principal of Darby Township School, which was and is attended by minor plaintiffs.

10. Defendant Paul E. Hochschwender [hereinafter "Hochschwender"] was employed by S.E. Delco as an elementary school teacher for many years. He was a second grade teacher of the minor plaintiffs at Darby Township School.

C. JURISDICTION

11. Jurisdiction is vested in this Court due to the federal questions presented by plaintiffs' statutory claims. 28 U.S.C. §1331. The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12. At all times material hereto, all defendants acted pursuant to or under color of state law as those terms are defined under 42 U.S.C. §1983.

13. At all times material hereto, S.E. Delco received federal funds for the provision of educational services and programs within the District.

D. VENUE

14. Venue lies properly in this judicial district, as defendants may be located therein, and the events and conduct giving rise to the complaint occurred therein.

E. MATERIAL FACTS

15. On multiple occasions during the 2013/2014 school year, Hochschwender engaged in inappropriate, criminal physical contact with the minor plaintiffs, including but not limited to touching and placing his hands on their chests, buttocks, legs and vaginal area.

16. These occasions were not the first improper contacts by Hochschwender with elementary school children in his charge.

17. While employed at another school in another school district in Delaware County between 1993 and 2000, Hochschwender was formally admonished by the other district, after a police investigation of credible complaints that he had inappropriately groped or touched several female students.

18. After the investigation and disciplinary action against him – both of which were well documented by the investigating police and school records – Hochschwender resigned, and left teaching.

19. Sometime before September, 2006, Hochschwender was hired by S.E. Delco as a fifth-grade teacher at Darby Township School.

20. Neither S.E. Delco nor any official of Darby Township School made any attempt to consult or obtain the readily available records documenting Hochschwender's previous misconduct, and made no inquiry regarding the reasons for his departure from his earlier teaching position.

21. Sometime during the 2006 – 2007 school year, a female student in Darby's fifth grade complained that Hochschwender continually held her hands, touched her shoulders, and whispered in her ears. She also complained that Hochschwender grabbed and placed her hands on his lap.

22. Although the student and her mother reported the incidents to a Darby guidance counselor and to Darby's principal at the time, no disciplinary action was taken against Hochschwender, and neither the school's administration, nor any employee with knowledge, made any report of the incidents or related complaints to law enforcement authorities or to an appropriate county agency or the Pennsylvania Department of Public Welfare, in violation of the Pennsylvania Child Protective Services Law then in effect, 23 Pa. C.S. §6301, et seq.

23. As a consequence, Hochschwender was enabled in his persistent pattern of abuse of female students.

24. Sometime in the 2011 – 2012 school year, another girl in Hochschwender's fifth-grade complained that he had inappropriately touched and "grabbed" her buttocks. The female student and her father complained to Jordan – who was Darby's principal at the time. They also provided him with a written statement regarding the incident and a list of other students whom Hochschwender had inappropriately touched.

25. Despite having this information, and despite his status as a "mandated reporter" under the Child Protective Services Law, Jordan failed to make a report to the Commonwealth's Department of Human Services, Children & Youth Services of Delaware County, or to any responsible agency or law enforcement authority.

26. Jordan also failed to take any disciplinary action against Hochschwender, or take any action to prevent his further abuse of female Darby students.

27. Jordan did report the 2011 – 2012 incident to the District, and to defendant Ryan, S.E. Delco's assistant superintendent, in accordance with the District's customary practices and procedures.

28. Neither Ryan nor the District took any effective or meaningful action in response to the complaints about Hochschwender's behavior, instead transferring him to teach second grade, deliberately leaving him in contact with the vulnerable students who were his preferred victims.

29. As a consequence of the failures by the District, its Darby Township School and the responsible officials therein, Hochschwender was enabled, indeed encouraged, to continue his misconduct, and to abuse the minor plaintiffs, as alleged in paragraph 15 hereinabove.

30. In March, 2014, the Darby Township Police Department and Delaware County Criminal Investigations Division began an investigation of Hochschwender's sexually abusive conduct toward several current Darby students, including the minor plaintiffs herein.

31. As a result of the investigation, Hochschwender was charged with several crimes related to his conduct, including indecent assault, institutional sexual assault, and corruption of minors. He has pleaded *nolo contendere* to the charges, including those arising from his inappropriate physical contact with minor plaintiffs herein.

32. As a result of the outrageous abuse they suffered at Hochschwender's hands, minor plaintiffs J. Doe and A. Roe have sustained severe harm, including but not limited to severe emotional distress and anxiety, depression and social withdrawal, including withdrawal from affectionate contact with their parents and family members, disruption of their ability to enjoy life's pleasures, and destruction of their sense of safety and well-being.

33. As a result of these harms, some or all of which are likely to persist far into the future, the minor plaintiffs have undergone, and continue to undergo a necessary course of appropriate mental health and other treatment.

34. As a further result of the abuse they have suffered, minor plaintiffs have suffered a significant interference with their ability to lean and otherwise enjoy the benefits of the education and educational services of the District, all to their permanent detriment.

35. As a result of the harm suffered by their children, the adult plaintiffs have been, and will be required to incur expenses in obtaining treatment, alternative educational services, and other means of abating its deleterious effects.

F. CAUSES OF ACTION

## COUNT I

## PURSUANT TO 42 U.S.C. §1983

## PLAINTIFFS vs. HOCHSCHWENDER

36. Plaintiffs incorporate herein by reference paragraphs 1 through 35 as though each were set forth in its entirety.

37. Taking advantage of his capacity as plaintiffs' teacher, and the attendant authority created under state law, Hochschwender, through the conduct alleged hereinabove, violated minor plaintiffs' civil and constitutional rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, including their rights to security of person, due process and equal protection.

38. Plaintiffs suffered the harms and damages alleged hereinabove as a result of the Constitutional violations committed by Hochschwender.

## COUNT II

### PURSUANT TO 42 U.S.C. §1983

### PLAITNIFFS vs THE DISTRICT AND BUTZ

39. Plaintiffs incorporate herein by reference paragraphs 1 through 38, as though each were set forth in its entirety.

40. The abusive and illegal conduct of Hochschwender in violation of minor plaintiffs' Constitutional and federally protected statutory rights resulted from acts, policies, customs and practices maintained and endorsed by defendants, including:

   a. Failure to train District personnel regarding the proper investigation of child abuse allegations;

   b. Systematic failure to conduct, or to insure that proper and thorough investigations of child abuse allegations were conducted;

   c. Systematic failure to report, or to insure that credible allegations of child abuse were reported to the proper agencies and authorities;

   d. Systematic failure to insure District compliance with Pennsylvania's Child Protective Services Law;

   e. Failure to implement or maintain procedures to screen teacher applicants for past allegations and/or incidents of child abuse;

   f. Failure to terminate or otherwise discipline teachers, including but not limited to Hochschwender, against whom credible allegations of child abuse are made, or are known to have engaged in a pattern of abusing or harassing female students;

   g. Deliberate indifference to complaints of female students and their parents regarding abusive conduct by teachers, including but not limited to Hochschwender.

41. These acts, policies, customs and practices were carried out and maintained intentionally, with an arbitrary, reckless and deliberate indifference to the rights and well-being of minor plaintiffs and other female students.

42. As a result of the violation of minor plaintiffs' rights, plaintiffs suffered the harms and damages alleged hereinabove.

## COUNT III

### PURSUANT TO 42 U.S.C. §1983

### PLAINTIFFS vs THE DISTRICT, BUTZ, RYAN AND JORDAN

43. Plaintiffs incorporate herein by reference paragraphs 1 – 42 as though each were set forth in its entirety.

44. As a result of the acts, policies, customs and practices alleged in paragraphs 19, 20, 24, 25, 26, 27, 28, 29, 40 and 41 hereinabove, defendants, in a manner shocking to the ordinary conscience, facilitated ongoing abuse by Hochschwender, placing minor plaintiffs in extreme and unreasonable danger of the harms they ultimately suffered.

45. In doing so, defendants violated plaintiffs' rights under the Fourteenth Amendment to the Constitution.

46. As a result, plaintiffs suffered the harms and damages alleged hereinabove.

## COUNT IV

### PURSUANT TO TITLE IX

### PLAINTIFFS vs S.E. DELCO

47. Plaintiffs incorporate herein by reference paragraphs 1 through 46 as though each were set forth in its entirety.

48.    As a provider of educational programs and services receiving federal funds, the District is required to provide the benefits of those services and programs without discriminating on the basis of sex.

49.    As alleged hereinabove, the District, by and through its faculty, administrative staff and policy makers, intentionally disregarded the rights and safety of female students, including minor plaintiffs, and disregarded and failed to act on complaints of abuse by female students and their parents.

50.    Due to the District's intentional acts and maintenance of customs and policies alleged hereinabove, minor plaintiffs were subjected to gender-based harassment, abuse and inappropriate physical contact by their teacher, suffering the relevant harms averred above.

51.    The District's conduct comprised illegal discrimination against minor plaintiffs, proscribed by Title IX and causing the harm they suffered.

## COUNT V

### INTENTIONAL AND OUTRAGEOUS INFLICTION OF EMOTIONAL DISTRESS

### (SUPPLEMENTAL JURISDICTION)

### PLAINTIFFS vs HOCHSCHWENDER

52.    Plaintiffs incorporate herein by reference paragraphs 1 through 51, as though each were set forth in its entirety.

53.    Hochschwender's purposeful, illegal and outrageous conduct as alleged hereinabove, inflicted extreme emotional distress upon minor plaintiffs, requiring an ongoing course of mental health and other treatment, with attendant expense to their parents, the adult plaintiffs.

## COUNT VI

## ASSAULT AND BATTERY

## (SUPPLEMENTAL JURISDICTION)

## PLAINTIFFS vs HOCHSCHWENDER

54. Plaintiffs incorporate herein by reference paragraphs 1 through 53, as though each were set forth in their entirety.

55. Hochschwender's conduct comprised multiple incidents and an ongoing pattern of assault upon the minor plaintiffs, and unauthorized contact with their persons (battery).

56. Plaintiffs suffered the harms and damages averred hereinabove as a result.

G. PUNITIVE DAMAGE ALLEGATION

57. Hochschwender's intentional conduct was outrageous and wanton, and committed in total, reckless disregard for plaintiffs' well-being and the laws intended to protect them and similarly situated children, including the criminal laws of Pennsylvania proscribing indecent and sexual assault and corruption of minors, thereby warranting the imposition of punitive damages.

H. JURY DEMAND

58. Plaintiffs demand a jury determination of all issues so triable.

I. PRAYER FOR RELIEF

WHEREFORE, plaintiffs ask the Court to enter judgment in their favor and against defendants, individually, jointly and separately, and to award them the following relief:

    a. General and compensatory damages against all defendants;

    b. An award of punitive damages against Hochschwender;

    c. An award of attorney's fees and costs pursuant to 42 U.S.C. §1988 and Title IX;

    d. Such other relief as the Court deems just and equitable.

Case 2:15-cv-00901-GAM   Document 1   Filed 02/23/15   Page 15 of 15

Respectfully submitted,

*[signature]*

GERALD J. WILLIAMS
BETH G. COLE
CHRISTOPHER MARKOS

WILLIAMS CUKER BEREZOFSKY
1515 Market Street
Suite 1300
Philadelphia, PA  19102

*Counsel for Plaintiffs*