IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN AND JANE DOE, in their own right and as parents and natural guardians of L. Doe, a minor, | : <br> : <br> :  CIVIL ACTION <br> : |
| and | :  No. 15-901 <br> : |
| WILLIAM AND MARY ROE, in their own right and as parents and natural guardians of A. Roe, a minor, <br> Plaintiffs, | : <br> : <br> : <br> : <br> : |
| v. | : <br> : |
| SOUTHEAST DELCO SCHOOL DISTRICT, STEPHEN D. BUTZ, Superintendent, JEFFREY RYAN, Assistant Superintendent, MICHAEL A. P. JORDAN, and PAUL F. HOCSHWENDER, <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : |

**MCHUGH, J.**                                                                                 October 13, 2015

**<u>MEMORANDUM</u>**

      This case involves the right of children to be free from sexual abuse at the hands of their teachers when attending public school. Children allegedly victimized by their teacher's sexual touching and the victims' parents have sued employees of the school district where the abuse took place as well as the school district itself. The suit alleges that the minor Plaintiffs' teacher (Paul Hochschwender), school principal (Michael Jordan), district assistant superintendent (Jeffrey Ryan), district superintendent (Stephen Butz), and the school district itself (Southeast Delco School District) violated the Plaintiffs' Federal Constitutional rights under the Fourteenth Amendment, as well as statutory rights conferred by Title IX, 20 U.S.C. §§ 1681–88.

1

Defendants Southeast Delco School District, Superintendent Butz, and Assistant Superintendent Ryan challenge the sufficiency of all of Plaintiffs' claims against them.  For the reasons that follow, Defendants' Motion to Dismiss shall be denied, except as to Plaintiffs' state-created danger claim in Count III of the Complaint against Defendant Butz and the District.

I. The Facts Alleged

Plaintiffs allege that Defendant Paul Hochshwender was an elementary school teacher.  Before teaching at Darby Township School, he taught at another school for several years.  At this school, he was investigated for complaints of inappropriate touching of his students.  He resigned after this investigation, but he was rehired several years later as a fifth-grade teacher at Darby Township School ("Darby").  Over several years, multiple female fifth-grade students complained to Darby's principal about inappropriate touching.  According to the Complaint, the first time a student and her mother brought a complaint to the principal, no school officials took any action.  In the 2011–12 school year, another Hochschwender student raised a complaint of inappropriate touching to then-principal Jordan.  Jordan reported the second complaint to the school district's assistant superintendent, Ryan.  Ryan is alleged to have transferred Hochschwender to teach second grade where he inappropriately touched the minor Plaintiffs.  According to the Complaint, Hochschwender has since been charged with offenses that include "indecent assault, institutional sexual assault, and corruption of minors," and he has pleaded *nolo contendere*.  Complaint at ¶ 31.  At the Motion to Dismiss stage, I assume the allegations in Plaintiffs' Complaint are true.

II. Standard of review

*Fowler* establishes this circuit's test under Fed. R. Civ. P. 12(b)(6).  First, the court must separate the factual and legal elements of the claim.  *Fowler v. UPMC Shadyside*, 578 F.3d 203,

2

210 (3d Cir. 2009). Second, accepting the Complaint's factual allegations as true, the court must decide whether the plaintiffs have alleged facts that show they are entitled to relief. *Id.*

III.   Discussion

Plaintiffs assert six counts against all the Defendants in this case, but only Counts II, III, and IV involve the moving Defendants. Counts I and V relate only to the teacher accused of abusing the minor Plaintiffs. Count II, a *Monell* claim, alleges that the District and Superintendent Butz created and maintained policies and practices that caused violations of Plaintiffs' constitutional and statutory rights. Count III, a state-created danger claim, alleges the District, Superintendent Butz, Assistant Superintendent Ryan, and Principal Jordan placed the minor Plaintiffs' in danger of being inappropriately touched by Hochschwender. Count IV, a statutory claim, alleges that the District unlawfully discriminated against the female minor Plaintiffs in violation of Title IX.

Defendants first argue that Counts II and III must be dismissed as to Superintendent Butz because the Complaint does not allege he had any personal involvement in the abuse. A government official cannot be personally liable under 42 U.S.C. § 1983 without personal involvement in a violation of a plaintiff's rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiffs counter that Butz is sued in his official capacity as a policymaker for the District, rather than for his personal involvement in abuse. Pl. Opp. to Mot. to Dismiss. at 2 (Butz "is thus sued under a *Monell* theory"). A claim against a person acting in his official policymaking capacity "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Snatchko v. Peters Twp.*, 2012 WL 6761369 at *11 (W.D. Pa. Dec. 28, 2012). Because an official capacity suit is a suit against the municipality, the claim does not depend on the personal involvement of the policymaking

3

official in the alleged constitutional violations.  Here, because Butz is sued only in his official capacity for his actions as a policymaking official, Plaintiffs do not need to show he was personally involved in causing or acquiescing to the minor Plaintiffs' abuse.

Defendants next argue that Plaintiffs improperly seek to impose liability under § 1983 on the basis of *respondeat superior* because all of Plaintiffs' claims arise from Hochschwender's misconduct, and Defendants cannot be vicariously liable as his supervisors and employer. This mischaracterizes Plaintiffs' claims.  Plaintiffs are not asserting *respondeat superior* liability against Defendants.  Rather, they are asserting well-established direct Constitutional and statutory claims under 42 U.S.C. § 1983, the Fourteenth Amendment, and Title IX, premised upon Defendants' own conduct.

Next, Defendants contend that Plaintiffs' *Monell* claim against Butz must fail because Butz, as Superintendent, does not exercise final policymaking authority.  *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).  I am satisfied that under Pennsylvania law, the superintendent has final policymaking authority for the specific supervisory decisions at issue here.  It is true that the school board, not the superintendent, has final decision-making authority over the dismissal of teachers. Pa. Con. Stat. § 5-508.  However, the Third Circuit has explained that final authority over teachers' **dismissal** does not equate to final authority over all duties related to the supervision of teachers.  *McGreevy v. Stroup*, 413 F.3d 359, 368–69 (3d Cir. 2005) (superintendent was final decision-maker for teacher ratings).  Defendants recognize that it is within the superintendent's statutory authority "to note the courses and methods of instruction and branches taught, [and] to give such directions in the art and methods of teaching in each school as he deems expedient and necessary." 24 P.S. § 10-1081.  Pennsylvania law further recognizes that superintendents have the authority to monitor, investigate, and direct teachers'

4

conduct in school. It is broader decisions, such as termination, that are restricted to the school board. As I read the Complaint, Plaintiffs' claims against Butz are directed at decisions over which he had policymaking authority.

Defendants maintain that Plaintiffs' claims against Butz and Ryan must be dismissed because they are duplicative of the claim against the District. Official capacity claims against municipal officers are essentially claims directly against the municipality itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). As a result, in the Third Circuit, some courts dismiss these redundant claims. *Moore v. City of Philadelphia,* No. 14-133, 2014 WL 859322 at *3 (E.D. Pa. March 5, 2015) (discussing debate in Third Circuit district courts over whether to dismiss redundant § 1983 claims). Dismissal is not required, however and because "a plaintiff is master of his or her complaint," I will not presume to prune the Complaint Plaintiffs have filed. *United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir. 1986).

Defendants then contend that Plaintiffs' *Monell* claim against the District and Butz is insufficient in three respects, in that Plaintiffs failed to allege the existence of: (1) a municipal policy or custom; (2) a pattern of constitutional violations by Defendants; and (3) a causal relationship between the municipal policy or custom alleged and the constitutional violation Plaintiffs challenge. Defendants are correct that a plaintiff pursuing *Monell* liability must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Com'rs of Bryan County Okl. v. Brown*, 520 U.S. 397, 403 (1997). When, as here, a plaintiff asserts a municipality's failure to train and discipline its employees caused the plaintiff's injuries instead of an explicit policy, the plaintiff must show that the municipality's "failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton,*

*Ohio v. Harris*, 489 U.S. 378, 392 (1989).  Justice O'Connor, concurring in *City of Canton*, suggested a plaintiff might show "deliberate indifference" in two ways.  A plaintiff may, as Defendants note, show "that policymakers were aware of, and acquiesced in, a pattern of constitutional violations…"  *Id.* at 397 (O'Connor, concurring in part and dissenting in part).  A plaintiff may also show "that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation…" *Bryan County*, 520 U.S. at 409.

Here, Plaintiffs have alleged the superintendent, Butz, acting on behalf of the District, failed to direct and train school officials to appropriately respond to sexual abuse allegations against a school employee.  Pointing to Pennsylvania's mandatory reporting laws, Plaintiffs make it clear that Defendants knew of the need to protect students from sexual abuse at the hands of school employees.  Yet despite knowledge of the need to act to prevent abuse and knowledge of abuse allegations, school officials following the school's established custom of inaction repeatedly failed to act to protect students.  Plaintiffs argue the District's failure to implement more rigorous training and oversight amounts to deliberate indifference that caused Plaintiffs' constitutional injuries.  Whether Plaintiffs are able to produce evidence of such a policy or custom and its effects will be resolved at a later stage of this litigation, but I agree that Plaintiffs have sufficiently stated the required elements of their *Monell* claim.

Defendants then argue Plaintiffs' Fourteenth Amendment claim of a "state-created danger" is insufficient.  Although the Fourteenth Amendment does not generally guarantee an "affirmative right to governmental aid or protection," an exception exists when state actors create a danger that causes a victim harm.  *Ye v. United States*, 484 F.3d 634, 636 (3d Cir. 2007).  Under *Bright v. Westmoreland County*, a state-created-danger claim has the following elements:

    (1) "the harm ultimately caused was foreseeable and fairly direct;"
    (2) a state actor acted with a degree of culpability that shocks the conscience;

  (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and

  (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizens or that rendered the citizen more vulnerable to danger than had the state not acted at all.

443 F.3d 276, 281 (3d Cir. 2006). Plaintiffs here allege that Defendants, by failing to adequately report, supervise, or discipline Defendant Hochschwender, placed the minor Plaintiffs at risk of the abuse they suffered. Defendants counter that the harm Plaintiffs suffered was not foreseeable and that Defendants' conduct did not "shock the conscience."

  The required elements of the state-created danger claim are clearly met as to Defendant Ryan. Plaintiffs have asserted Ryan learned of allegations of abuse and transferred Hochschwender to teach *younger* students, without sufficient safeguards to prevent further harm to children. It is entirely foreseeable that such an ill-considered transfer could lead to more abuse of students, and a reasonable jury could certainly find that exposing even more vulnerable students to the risk of abuse at the hands of a teacher is shocking.

  As to Butz and the District, however, Plaintiffs allege only that they maintained a policy or custom that led to Plaintiffs' injuries. Plaintiffs have not alleged Butz and the District were personally involved in causing Plaintiffs' injury. *See Rode*, 845 F.2d at 1207; *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) ("a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation"). Accordingly, they are not proper defendants for the state-created danger claim.

  Defendants then seek the dismissal of Count IV, which alleges a violation of Title IX. To prevail on such a claim, a plaintiff must show that at a federally funded school, a student was subjected to discrimination based on her sex, and an appropriate person had actual notice of the

7

discrimination but was deliberately indifferent to it.  *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 290 (1998).  Defendants argue that Plaintiffs failed to allege facts showing an "appropriate person" had notice of the abuse in this case.  This argument overlooks Plaintiffs' allegations that Defendant Ryan was informed of the accusations.  "An 'appropriate person' … is, at minimum, an official of the recipient entity with authority to take corrective action to end the discrimination."  *Id.*  Whether a person is an "appropriate person" does not simply depend on his job title.  Rather, designation under Title IX as an "appropriate person" depends on the individual's actual authority to end the discrimination.  *Warren ex rel. Good v. Reading School Dist.*, 278 F.3d 163, 172 (3d Cir. 2002) (holding a principal was an "appropriate person" based on testimony "she was in charge of every aspect of daily operations … including supervision and discipline of the teachers of the school.").  Under the facts alleged, Defendant Ryan, as assistant superintendent, apparently had discretion to discipline teachers, at least up to transferring them from a classroom.  Plaintiffs have therefore alleged that an "appropriate person" had actual knowledge of the abuse by Hochschwender.  Additional development of the record as this litigation progresses will show whether Ryan was in fact an "appropriate person."

Finally, Defendants seek the dismissal of claims against Butz and Ryan pursuant to qualified immunity.  Qualified immunity shields government employees sued in their personal capacities from liability unless their conduct violates "clearly established statutory or constitutional rights … which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  With respect to Superintendent Butz, Plaintiffs have sued him only for his official acts as a policymaker for the District.  Therefore, qualified immunity is not available as a defense for Butz, just as it would not constitute a defense for the District.  *Graham*, 473 U.S. at 166.

Qualified immunity will protect Assistant Superintendent Ryan if Plaintiffs have failed to allege he violated their constitutional rights or if Plaintiffs have alleged a violation of a right that was not clearly established at time of the conduct in question. *Reedy v. Evanson*, 615 F.3d 197, 223–24 (3d Cir. 2010) (explaining the two-step analysis of qualified immunity). As I discuss above, Plaintiffs have stated a claim that Ryan violated minor Plaintiffs' rights by exposing them to a foreseeable danger of abuse by Hochschwender. The remaining question is whether Plaintiffs' right not to be abused by Hochschwender was clearly established.

I have little difficulty in concluding that it was. "A right is clearly established if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' " *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Should a reasonable school official know that exposing young children to a risk of molestation violates their rights? To ask the question is to answer it. To the extent that the peculiar jurisprudence of qualified immunity requires judicial confirmation of what strikes me as self-evident, the Court of Appeals supplied it in *Stoneking v. Bradford Area School Dist.*, 882 F.2d 720, 727 (3d Cir. 1989). In *Stoneking*, the Third Circuit recognized that students have a clearly established right not to be sexually abused by their teachers, and that supervising school officials clearly violate students' rights if their conduct somehow approves of or assists the abuser's actions. *Id.* Specifically, the Court held that "it was clearly established law that … officials may not with impunity maintain a custom, practice or usage that communicated condonation or authorization of assaultive behavior." *Id.* at 730. It then denied immunity to two defendants who "discouraged and minimized reports of sexual misconduct by teachers." *Id*. *Stoneking* drew a distinction between "the mere failure of supervisory officials to act or investigate," and "affirmative acts" which support a finding of "toleration, condonation or encouragement of sexual harassment by teachers." *Id.* at 731.

The claim against Assistant Superintendent Ryan does not allege merely "indefensible passivity" where qualified immunity might protect an indolent school official. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1376 (3d Cir. 1992) (plaintiffs failed to allege state-created danger claim based on school officials' failure to prevent abuse). If allegations before me are believed, a jury could decide that Ryan's actions transferring Hochschwender to teach younger students were "encourag[ing] a climate to flourish where innocent girls were victimized." *Id.* at 730. I see no uncertainty over the rights of school children to be protected from deliberate exposure to an abusive teacher, but to the extent there could be any, it was resolved by *Stoneking*.

IV. Conclusion

For the foregoing reasons, the Motion to Dismiss of Defendants Southeast Delco School District; Stephen D. Butz, Superintendent; and Jeffrey Ryan, Assistant Superintendent shall be denied, except as to Plaintiff's state-created danger claim in Count III of the Complaint against Defendant Butz and the District. An appropriate order follows.


       /s/ Gerald Austin McHugh
United States District Court Judge